GUARANTY TRUST COMPANY OF NEW YORK, Appellant, v. COMPTON MINES CORPORATION and Others, Defendants, and JAMES H. SULLIVAN, Respondent.—

In an action brought by plaintiff bank, here appellant, to recover upon a negotiable instrument known as a trade acceptance, the amount thereof and interest from the defendant indorser, here respondent, resettled order denying plaintiff's motion for summary judgment pursuant to Civil Practice Rule 113 reversed on the law, with ten dollars costs and disbursements, and motion for summary judgment in favor of the plaintiff for the relief demanded in the complaint granted, with ten dollars costs. When the allegations of the moving and voluminous opposing papers are analyzed, no arguable defense (See *Barrett* v. *Jacobs*, 255 N. Y. 520) or triable issue appears. As far as the denials in the answer are concerned, plaintiff's uncontradicted proofs warrant judgment in its favor unless one or more of the three affirmative defenses are substantiated by defendant Sullivan's proofs representative of competent evidence. The first defense fails because there is no showing of an agreement binding on the holder (plaintiff) to extend the time of the payment of the trade acceptance for ninety days without right of recourse against said defendant being reserved, and, assuming such an agreement, no proof appears that plaintiff knew thereof. (Neg. Inst. Law, § 201, subd. 6.) The second defense, of breach of the contract, in partial performance of which the trade acceptance was given, is not substantiated. If we assume that there was such a breach, there is no competent proof that plaintiff had knowledge thereof when it discounted the acceptance. (*Tradesmen's Nat. Bank* v. *Curtis*, 167 N. Y. 194, 198.) As to the third defense, which alleges fraud inducing the execution of the contract of July 29, 1936, there is no competent proof that plaintiff had knowledge of it at the time when it granted the discount. As matter of law, plaintiff is a holder in due course. The defendant indorser is liable. Lazansky. P. J., Hagarty, Carswell, Davis and Taylor, JJ., concur.